Damon L. Booth, Esq.
NV Bar No. 14172
**HIGH WEST LAW**
230 E. Liberty St.
Reno, NV 89501
Telephone: (530) 414-9388
dbooth@highwestlaw.com

Attorneys for Defendants
NEVADA BUSINESS CORPORATIONS, INC.;
ARISTOCRAT VENTURES; PROBACK SYSTEMS, INC.;
WAYNE WAKEFIELD

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD AND LAVERNA MONTZ, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA BUSINESS CORPORATIONS, INC., a Nevada corporation, ARISTOCRAT VENTURES, a Nevada corporation, PROBACK SYSTEMS, INC., a Nevada corporation, WAYNE WAKEFIELD, an individual, and DOES 1–25, inclusive,<br><br>Defendants. | Case No.:<br><br>[*Formerly Superior Court of California, County of Placer, Case No.: S-CV-0047923*]<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

COMES NOW, Defendants NEVADA BUSINESS CORPORATIONS, INC., ARISTOCRAT VENTURES, PROBACK SYSTEMS, INC., and WAYNE WAKEFIELD (collectively referred to herein as "Defendants"), by and through their attorney of record, Damon L. Booth, Esq., of HIGH WEST LAW, and hereby remove from the Superior Court of California, County of Placer, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal, states as follows:

///

///

1

**HIGH WEST LAW**

**STATEMENT OF THE CASE**

1. On January 26, 2022, Plaintiffs RICHARD and LAVERNA MONTZ (collectively, "Plaintiffs") filed a Complaint in the Superior Court of California, County of Placer, titled *Richard and Laverna Montz v. Nevada Business Corporations, Inc., et al.*, Case No.: S-CV-0047923 (the "State Court Action"). A copy of the Complaint, with Exhibits, is attached hereto as "**Exhibit 1**" and fully incorporated herein by reference.

2. On March 4, 2022, an Acknowledgment of Receipt of the Complaint and Summons was executed on behalf of Defendants.

3. The Complaint asserts seven (7) causes of action, including: (1) Fraudulent Transfer, (2) Deceit, (3) Fraudulent Concealment, (4) Breach of Fiduciary Duties, (5) Elder Abuse, (6) Securities Fraud, and (7) Right to Corporate Records.

4. The relief Plaintiffs seek on behalf of themselves as to causes of action 1-6 include: (a) Compensatory damages in excess of $240,268.65; (b) Pre-judgment at the rate of 7% per annum pursuant based on any tort claims, and post-judgment interest pursuant to Cal. Civ. Proc. Code § 685.010, or alternatively pre-judgment interest pursuant to Cal. Corp. Code §§ 316 and/or 2550 *et seq.*, as applicable; (c) Attorney's fees and costs pursuant to contract, statute, or applicable law; (d) Punitive damages in an amount according to proof at trial; (e) that Defendants be held jointly and severally liable under Cal. Corp. Code § 316, and any other applicable law; and, (f) for any other and further relief the court deems necessary or proper.

5. The relief Plaintiffs seek on behalf of themselves as to cause of action 7 include: (a) for an order compelling Defendants to turn-over all records for tax years 2011 through the date of the request; (b) for an award of attorney's fees and costs; and (c) for any other and further relief the court deems necessary or proper.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because, as demonstrated below, there is complete diversity of citizenship between Plaintiffs and all Defendants, and more than $75,000.00 is at stake in the State Court Action.

///

7.      Plaintiffs allege that they are both residents of the State of California, County of Placer. (Ex. 1, ¶ 1).

8.      Plaintiffs allege that Defendant NEVADA BUSINESS CORPORATIONS, INC. ("NBC") is, and at all times relevant to their complaint was, organized under the laws of the State of Nevada; thus, not a citizen of California. Accurately, NBC was, and currently is, organized under the laws of the State of Nevada, with its principal place of business located in Reno, Nevada. (Ex. 1, ¶ 2; Wakefield Aff. ¶ 3, attached hereto as "**Exhibit 2**" and fully incorporated herein by reference). Therefore, there is complete diversity between Plaintiffs and NBC.

9.      Plaintiffs allege that Defendant ARISTOCRAT VENTURES ("AV") is, and at all times relevant to their complaint was, organized under the laws of the State of Nevada; thus, not a citizen of California. Accurately, AV was, and currently is, organized under the laws of the State of Nevada, with its principal place of business located in Reno, Nevada. (Ex. 1, ¶ 3; Wakefield Aff. ¶ 4). Therefore, there is complete diversity between Plaintiffs and AV.

10.     Plaintiffs allege that Defendant PROBACK SYSTEMS, INC. ("PS"), is, and at all times relevant to their complaint was, organized under the laws of the State of Nevada; thus, not a citizen of California. Accurately, PS was organized under the laws of the State of Nevada, with its principal place of business located in Reno, Nevada. (Ex. 1, ¶ 4; Wakefield Aff. ¶ 5). Therefore, there is complete diversity between Plaintiffs and PS.

11.     As alleged by Plaintiffs, Defendant WAYNE WAKEFIELD ("WAYNE") was, and currently is, a resident of Washoe County, Nevada (Ex. 1, ¶ 5; Wakefield Aff. ¶ 2).

12.     Plaintiffs in this action request compensatory damages in excess of $240,268.65, as well as attorneys' fees and costs. (Ex. 1 at p. 11, ¶ 1). Thus, Plaintiffs alleged damages are well over $75,000.00 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4-1(b), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Defendants, as well as a certification pursuant to Local Rule 7.1-1, are being filed with

this Notice of Removal. Defendants will timely file true and legible copies of all other documents on file in the State Court Action.

14. This Notice of Removal has been filed within thirty (30) days of the date that Defendants were served with the summons or the Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the District of Nevada is the federal judicial district embracing the Superior Court of California, County of Placer, where the State Court Action was originally filed.

## CONCLUSION

By this Notice of Removal, Defendants do not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendants intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

Date: March 24, 2022               **HIGH WEST LAW**

By: _____
Damon L. Booth, Esq.
Attorneys for Defendants
NEVADA BUSINESS CORPORATIONS, INC.; ARISTOCRAT VENTURES; PROBACK SYSTEMS, INC.; WAYNE WAKEFIELD

## PROOF OF SERVICE

Pursuant to LCR 47-4, I certify that I am an employee of HIGH WEST LAW and that on this date I served a true copy of the following:

## NOTICE OF REMOVAL

To all parties to this action as follows:

__X__  By placing the original or a true copy thereof in a sealed envelope, postage prepaid and mailing by the United States Postal Service in Roseville, CA following ordinary business practices

_____  Electronic delivery via the Court's Electronic Filing System

__X__  Electronic Mail

_____  Personal Delivery

_____  Via facsimile (fax)

_____  Federal Express or other overnight delivery

Addressed to:

Stephan M. Brown
Daniel J. Griffin
NewPoint Law Group, LLP
2408 Professional Drive
Roseville, CA 95661
800-358-0305 (tel)
916-242-8588 (fax)
sbrown@newpointlaw.com
dgriffin@newpointlaw.com
Attorney for Plaintiffs

I declare under the penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: March 24, 2022

_____
Felicia Jachim, an employee of
HIGH WEST LAW