# EXHIBIT 1

PLEADINGS, PROCESS, AND ORDERS

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**01/26/2022 at 10:56:10 AM**
By: Mavis Anderson
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEVADA BUSINESS CORPORATIONS INC, a Nevada corporation,
ARISTOCRAT VENTURES, a Nevada corporation, (see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD and LAVERNA MONTZ, individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Placer Superior Courthouse

**CASE NUMBER:**
*(Número del Caso):*   S-CV-0047923

10820 Justice Center Drive
Roseville, CA 95678

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel J. Griffin, NewPoint Law Group, LLP, 2408 Professional Drive, Roseville, CA 95661 (800) 358-0305

| DATE: *(Fecha)* | 01-26-22 | Clerk, by *(Secretario)* | M.Anderson | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>Montz v. Nevada  Business Corporations, et al. | CASE NUMBER:<br>S-CV-0047923 |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PROBACK SYSTEMS, INC., a Nevada corporation, WAYNE WAKEFIELD, an individual, and DOES 1-25, inclusive

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Stephan M. Brown (SBN: 300563)
Daniel J. Griffin (SBN: 311236)
NewPoint Law Group, LLP
2408 Professional Drive
Roseville, CA 95661
800-358-0305
916-242-8588 (fax)
sbrown@newpointlaw.com
dgriffin@newpointlaw.com

Attorneys for Plaintiffs
Richard and LaVerna Montz

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**01/26/2022 at 10:56:10 AM**
By: Mavis Anderson
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

| | |
|---|---|
| RICHARD AND LAVERNA MONTZ, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> NEVADA BUSINESS CORPORATIONS, INC., a Nevada corporation, ARISTOCRAT VENTURES, a Nevada corporation, PROBACK SYSTEMS, INC., a Nevada corporation, WAYNE WAKEFIELD, an individual, and DOES 1–25, inclusive, <br><br> Defendants. | Case No.: S-CV-0047923 <br><br> COMPLAINT FOR FRAUDULENT TRANSFER, DECEIT, FRAUDULENT CONCEALMENT, BREACH OF FIDUCIARY DUTIES, ELDER ABUSE, SECURITIES FRAUD, AND RIGHT TO CORPORATE RECORDS <br><br> Complaint Filed: |

Plaintiffs allege causes of action against the named and unnamed defendants as follows:

**PARTIES AND VENUE**

1.      Plaintiffs Richard and LaVerna Montz ("Richard" or "Laverna" individually, "Plaintiffs" collectively), are, and at all times mentioned in this complaint were, residents of Placer County, California.

2.      Defendant Nevada Business Corporations, Inc. ("NBCI") is, and at all times relevant to this complaint was, organized under the laws of the State of Nevada, with principal place of business at 17300 Majestic View Drive, Reno, NV 89521. Despite doing business in

California, NBCI is not registered with the California Secretary of State to conduct business in California.

3.      Defendant Aristocrat Ventures ("AV") is, and at all times relevant to this complaint was, organized under the laws of the State of Nevada, with principal place of business at 17300 Majestic View Drive, Reno, NV 89521. Despite doing business in California, AV is not registered with the California Secretary of State to conduct business in California.

4.      Defendant Proback Systems, Inc. ("PSI") is, and at all times relevant to this complaint was, organized under the laws of the State of Nevada, with principal place of business at 17300 Majestic View Drive, Reno, NV 89521. Despite doing business in California, PSI is not registered with the California Secretary of State to conduct business in California.

5.      Defendant Wayne Wakefield ("Wayne") is, and at all times mentioned in this complaint was, a resident of Washoe County, Nevada. Wayne is the president of NBCI, AV, and PSI.

6.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes, and on such basis alleges, that each of the defendants designated herein as a DOE acted in concert with each and every other defendant, intended to and did participate in and cause the events, acts, practices and courses of conduct alleged herein, and proximately caused damage and injury to Plaintiffs as alleged herein.

7.      Plaintiff is informed and believes and thereon alleges that each of the defendants are, and at all times mentioned herein were, the agent of each of the other defendants, in that at all times herein mentioned each of the defendants was authorized and empowered by each of the other defendants to act, and did act as the principal, agent, and/or employee of each of the other defendants, and that each and all things herein alleged were done by each defendant in the course and scope of said agency and in the capacity of, and as principal or agent for, each of the other defendants.

///

8.      Plaintiff is informed and believes and thereon alleges that each of the defendants held a unity of interest in ownership, control, and financial interest between each of them. This relationship is such that no individuality or separateness between them has ever existed. NBCI, AV, PSI, DOES 1–25, and Wayne are alter egos of each other. This alter ego relationship should be recognized to prevent an injustice to Plaintiff, whose funds were transferred between the various parties by Defendants.

9.      Venue is proper because Plaintiffs reside in Placer County, and all acts by Defendants and/or agreements between the parties were entered into in Placer County.

## FACTS

Background

10.      Plaintiffs were introduced to Wayne around November 2010 to discuss protecting their assets and reinvesting their retirement accounts. Wayne represented that he was engaged with a number of clients in California, including a prominent minister, and could help them restructure their assets.

11.      Based on that conversation, Plaintiffs engaged Wayne for his "platinum package" at a cost of $1,995, liquidated their various accounts, and transferred the funds to Wayne's company, Entrust, to be invested through a self-directed IRA. Around 2010 to 2011, LaVerna transferred $53,301.23, $44,045.80, and $20,000; Richard transferred approximately $186,967.42 and $30,299.97.

12.      Wayne represented that the principal funds would be unavailable for 10 years, but that Plaintiffs would receive "royalty checks" once certain projects matured. Wayne did not provide a timeline or specifics for the projects that would make these royalty payments, or the reason why the funds would not be available for 10 years. This ten-year period concluded in 2021.

Wayne's Numerous Companies and Stock Valuations

13.      Throughout 2011 to 2021, Wayne took the funds invested by Plaintiffs and shuffled them between various companies, including NCBI, AV, and PSI. The specific uses for

those funds were not disclosed to Plaintiffs, despite Plaintiffs' attempts to get more information over the years.

14.     Through self-prepared valuation forms, correspondence, and Form 5498s submitted for Plaintiffs' tax returns, Wayne represented the amount of shares, percentage ownership interests, and value of the shares purchased by Plaintiffs as follows:

| Year | Richard | Laverna |
|---|---|---|
| 2013 | • 17,300 shares of ProBack, Inc. (17.3% ownership), valued at $173,000.00 | • 19,608 shares of AV (19.6% ownership), valued at $196,080.00 |
| 2014 | • 17,300 shares of ProBack, Inc. (17.3% ownership), valued at $177,325.00 | • 19,608 shares of AV (19.6% ownership), valued at $212,746.80 |
| 2015 | • 16,377.4 shares of NBCI (undisclosed % ownership), valued at $184,245.75 | • 19,608 shares of AV (19.6% ownership), valued at $220,590.00 |
| 2016 | • 16,377.4 shares of NBCI (undisclosed % ownership), valued at $204,717.50 | • 19,608 shares of AV (19.6% ownership), valued at $240,198.00 |
| 2017 | • 16,377.4 shares of NBCI (undisclosed % ownership), valued at $233,377.95 | • 19,608 shares of AV (19.6% ownership), valued at $240,198.00 |
| 2018 | • 16,377.4 shares of NBCI (undisclosed % ownership), valued at $244,842.13 | • 19,608 shares of AV (19.6% ownership), valued at $303,924.00 |
| 2019 | • 16,377.4 shares of NBCI (undisclosed % ownership), valued at | • 19,608 shares of AV (19.6% ownership), valued at $324,512.40 <br> • Unknown number of |

| | | |
|---|---|---|
| | $262,857.27<br>• Form 5496 represented a 2019 account value of $274,464.69 | shares of AV valued at $279,493.00<br>• Form 5496 represented a 2019 account value of $325,453.23 |
| 2020 | • Unknown number of shares of Proback System, Inc., valued at $244,842.13. Two weeks later, that account value was $491,322.00 | • 19,608 shares of AV (19.6% ownership), valued at $324,512.40 |

15.  Aside from self-prepared valuation reports and Form 5498s presented to Plaintiffs, no records were provided to substantiate the valuations provided by Defendants.

Demands for Information

16.  On January 29, 2021, Plaintiffs sent correspondence to Defendants demanding all records for NBCI, AV, and PSI, pursuant to Nevada Revised Statute section 78.257. The documents requested were:

      a.    Corporate bylaws

      b.    Shareholder agreements

      c.    Roster of current shareholders

      d.    Corporate meeting minutes from January 1, 2011 through the date of the request

      e.    Tax returns for 2011 to the date of the request

      f.    Any and all documents pertaining to the merger of PSI

17.  In response, Defendants only produced the following:

| **AV** | **NBCI** | **PSI** |
|---|---|---|
| • Articles<br>• Bylaws<br>• 2018–2020 tax returns, which show no assets or income of any kind<br>• Stock ledger, which does not reflect | • A stock certificate for NBCI, reflecting 75,000 shares | • Articles<br>• Bylaws<br>• Valuation forms for ProBack, Inc.<br>• A subscription agreement purporting to reflect a "like-kind equal |

| Plaintiff's 19,608 shares or their 19.6% ownership interest | | value exchange" of ProBack shares for Nevada Business Corporations shares, valued at $184,245.75 |
| --- | --- | --- |

18.    Notably absent from the requested documents are:

a.    Proof of any assets held by AV, PSI, or NBCI

b.    Proof of any income generated by AV, PSI, or NBCI

c.    Tax returns filed by PSI or NBCI

19.    Instead, it appears Wayne arbitrarily "determined" the Defendant companies' valuation at the end of a fiscal year, drafted corporate resolutions to that effect, and used those written valuations to placate investors who would ask for a status update.

Wayne Misrepresented the Value of Defendant Companies, Which Hold Little to No Value

20.    Despite representing that AV, NBCI, and PSI were worth millions through the valuations provided, it appears that Defendants have not used Plaintiffs' funds for any business purpose. Defendants provided tax returns for all years that show no assets, no liabilities, and no activity each year.

21.    Through communications with Mr. Grant, an attorney representing Defendants prior to this lawsuit being filed, Plaintiffs were only shown two properties under the name of AV, NBCI, or PSI: 5874 Crestview Dr, Paradise, CA 95969, and 5880 Crestview Dr, Paradise, CA 95969. At best, these two properties held by AV have a combined fair market value of $70,000.

## **FIRST CAUSE OF ACTION**

### FRAUDULENT TRANSFERS (CIV. CODE §§ 3439 ET SEQ.)

(Plaintiffs Against All Defendants)

22.    Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 21, above.

23.    Defendants transferred Plaintiffs' funds with an actual intent to hinder, delay, or defraud Plaintiffs:

  a. Defendants repeatedly misrepresented the fair market value of the Defendant companies and had no reasonable basis to support the multi-million dollar valuations presented to Plaintiffs.

  b. Defendants transferred the funds between each other, or to other Doe defendants owned and/or controlled by Wayne.

  c. These transfers were concealed from Plaintiffs.

  d. Based on a review of the limited financial documents provided by Defendants, Defendants were insolvent throughout the entire period while soliciting investments from Plaintiffs.

  e. Defendants did not receive a reasonably equivalent value for the amount of the transferred funds.

24. Defendants used Plaintiffs' funds to enrich themselves while misrepresenting the value of the Defendant companies.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

## SECOND CAUSE OF ACTION

### DECEIT (CIV. CODE § 1710)

#### (Plaintiffs Against All Defendants)

25. Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 24, above.

26. Defendants repeatedly misrepresented the value of the Defendant companies, verbally and in writing, over a ten-year period.

27. Defendants repeatedly misrepresented, verbally and in writing, that Plaintiffs' shares in the Defendant companies were increasing in value over a ten-year period.

28. Defendants knew the representations were false because the Defendant companies held no assets for almost ten years, and Wayne had access to the records of the Defendant companies as an officer, director, and/or shareholder of the Defendant companies.

29. Defendants intended to defraud Plaintiffs.

///

30.     Defendants intended to induce Plaintiffs' reliance by purchasing shares of AV and PSI, and later transferring the PSI shares for an alleged equivalent value of NBCI shares.

31.     Plaintiffs have been harmed through the loss of their entire retirement savings.

32.     Pursuant to Civil Code section 3294, Plaintiffs are entitled to exemplary damages based on the oppressive, fraudulent, and/or malicious acts of Defendants.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

### THIRD CAUSE OF ACTION

FRAUDULENT CONCEALMENT (CIV. CODE § 1710)

(Plaintiffs Against Wayne)

33.     Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 32, above.

34.     Wayne concealed the fact that the Defendant companies held no assets and generated no income over a ten-year period.

35.     Wayne concealed the actual use and/or transfer of Plaintiffs' invested funds over a ten-year period.

36.     Wayne, in his role as an officer and director of the Defendant companies, owed fiduciary duties of good faith and honesty to Plaintiffs, in their role as purported shareholders of the Defendant companies.

37.     Wayne knew the representations were false because the Defendant companies held no assets for almost ten years, and Wayne had access to the records of the Defendant companies as an officer, director, and/or shareholder of the Defendant companies.

38.     Defendants intended to conceal these material facts from Plaintiffs.

39.     Defendants intended to induce Plaintiffs' reliance by purchasing shares of AV and PSI, and later transferring the PSI shares for an alleged equivalent value of NBCI shares.

40.     Plaintiffs would not have invested their entire retirement savings if they had known the companies held no assets and had no income.

41.     Plaintiffs have been harmed through the loss of their entire retirement savings.

///

42.     Pursuant to Civil Code section 3294, Plaintiffs are entitled to exemplary damages based on the oppressive, fraudulent, and/or malicious acts of Defendants.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

## FOURTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTIES (CORP. CODE §§ 212, 309, 310)

#### (Plaintiffs Against All Defendants)

43.     Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 42, above.

44.     Wayne, in his role as an officer and director of the Defendant companies, owed fiduciary duties of good faith, honesty, and loyalty to Plaintiffs, in their role as purported shareholders of the Defendant companies.

45.     Wayne breached those duties by lying and concealing material facts, siphoning the funds invested by Plaintiffs in the Defendant companies for Wayne's own benefit, and obstructing any efforts for Plaintiffs to investigate the value of the Defendant companies.

46.     Plaintiffs were harmed by Defendant's deceit, concealment of material facts, and self-dealing.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

## FIFTH CAUSE OF ACTION

### SECURITIES FRAUD (CORP. CODE §§ 25400 ET SEQ.)

#### (Plaintiffs Against All Defendants)

47.     Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 46, above.

48.     Wayne sold securities to Plaintiffs through the shares issued for AV, PSI, and NBCI.

49.     Wayne recklessly misrepresented the value of the shares of Defendant companies and the percentage ownership interest Plaintiffs were purchasing.

50.     Wayne's misrepresentations were reckless and false, as Wayne knew the true financial condition of the Defendant companies and the number of other shareholders that had

invested in these Defendant companies. Despite knowing these facts, Wayne consciously ignored the fact that the Defendant companies held no assets and generated no income while valuing the Defendant companies as multi-million dollar ventures.

51.     Plaintiffs were harmed by Defendant's deceit, concealment of material facts, and self-dealing.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

## SIXTH CAUSE OF ACTION

FINANCIAL ELDER ABUSE (WELF. & INST. CODE §§ 15610 ET SEQ.)

(Plaintiffs Against All Defendants)

52.     Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 51, above.

53.     Plaintiffs were more than 65 years of age when Defendants failed to return Plaintiffs' funds.

54.     Defendants wrongfully took, secreted, appropriated, obtained, or retained approximately $240,268.65 of Plaintiffs' retirement savings.

55.     Defendants' conduct was reckless, oppressive, fraudulent, and/or malicious.

56.     Plaintiffs were harmed by Defendants' wrongful conduct.

## SEVENTH CAUSE OF ACTION

RIGHT TO CORPORATE RECORDS (CORP. CODE §§ 1501, 1603)

(Plaintiffs Against AV, PSI, NBCI, and Does 1–25)

57.     Plaintiff re-alleges and incorporates herein by reference each and every fact, matter and allegation contained in paragraphs 1 through 56, above.

58.     Plaintiffs are informed and believe, and thereon allege, that pursuant to Corporations Code section 2115, AV, PSI, NBCI, and Does 1–25 are foreign corporations that failed to register with the Secretary of State and are subject to the records requirements under the California Corporations Code.

///

///

59.     Pursuant to Corporations Code section 1501, Plaintiffs are entitled to an annual report containing a balance sheet, income statement, and statement of cashflows for each fiscal year.

60.     Pursuant to Corporations Code section 1601, Plaintiffs are entitled to view the accounting books, records, and minutes of any proceedings to be accessible during any reasonable time during usual business hours.

61.     Plaintiffs have requested these records on multiple occasions, including the final written request on January 29, 2021. To date, AV, PSI, NBCI, and Does 1–25 have failed to produce the records requested.

62.     Pursuant to Corporations Code section 1603, the refusal of AV, PSI, NBCI, and Does 1–25 to provide these records entitled Plaintiffs to a court order enforcing their right to inspect these records.

63.     Pursuant to Corporations Code section 1604, Plaintiffs allege that the failure to provide these records was without justification, and Plaintiffs are entitled to an award of attorney's and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth herein.

WHEREFORE, Plaintiffs pray for relief as follows:

For Causes of Action 1 Through 6

1.     Compensatory damages in excess of $240,268.65;

2.     Pre-judgment at the rate of 7% per annum pursuant based on any tort claims, and post-judgment interest pursuant to Code of Civil Procedure section 685.010, or alternatively pre-judgment interest pursuant to Corporations Code sections 316 and/or 2550 et seq., as applicable;

3.     Attorney's fees and costs pursuant to contract, statute, or applicable law;

4.     Punitive damages in an amount according to proof at trial;

5.     That Defendants be held jointly and severally liable under Corporations Code section 316, and any other applicable law; and

6.     For any other and further relief the court deems necessary or proper.

///

For Cause of Action 7

       7.      For an order compelling Defendants to turnover all records for tax years 2011 through the date of the request;

       8.      For an award of attorney's fees and costs; and

       9.      For any other and further relief the court deems necessary or proper.

Dated: January 26, 2022

*Daniel J. Griffin*

Daniel J. Griffin
Attorney for Plaintiffs
Richard and LaVerna Montz

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephan M. Brown (SBN: 300563) Daniel J. Griffin (SBN: 311236)<br>NewPoint Law Group, LLP<br>2408 Professional Drive, Roseville, CA 95661<br>TELEPHONE NO.: 800-358-0305     FAX NO. *(Optional):* 916-242-8588<br>ATTORNEY FOR *(Name):* Plaintiffs, Richard and Laverna Montz | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>**01/26/2022 at 10:56:10 AM**<br>By: Mavis Anderson<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  PLACER**
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, 95678
BRANCH NAME: Roseville Courthouse

CASE NAME:
Montz, et al vs. Nevada Bus. Corp., etal

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | S-CV-0047923 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Seven
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 26, 2022

Daniel J. Griffin
_____
(TYPE OR PRINT NAME)

▶ *Daniel J. Griffin*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Case 2:22-cv-00814-JDP   Document 1-1   Filed 03/24/22   Page 17 of 22

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# Superior Court of the State of California

## In and For The County of Placer

**CASE NO:  S-CV-0047923**

### A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE:  **May 23, 2022**
TIME:  ☒**2:00 P.M. If your case number starts with "S-CV"**
       ☐**2:30 P.M. If your case number starts with "S-CV" and is deemed Complex**
       ☐**3:00 P.M. If your case number starts with "M-CV"**
DEPT:  **40 - 10820 Justice Center Drive, Roseville, California**

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date.  If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date.  The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center.  For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference.  You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference."  If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings.  If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephan Brown (SBN: 300563) Daniel Griffin (SBN: 311236)<br>NewPoint Law Group, LLP<br>2408 Professional Drive<br>Roseville, CA 95661<br>TELEPHONE NO.: 800-358-0305    FAX NO. *(Optional):* 916-242-8588<br>E-MAIL ADDRESS *(Optional):* sbrown@newpointlaw.com  dgriffin@newpointlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Richard and Laverna Montz | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Placer Superior Court

PLAINTIFF/PETITIONER: Richard and Laverna Montz

DEFENDANT/RESPONDENT: Nevada Business Corporations, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>S-CV-0047923 |
|---|---|

TO *(insert name of party being served):* Wayne Wakefield, an individual

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 24, 2022

Tanikqua Clayton
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Civil Case Cover Sheet, ADR, and Notice of CMC

*(To be completed by recipient):*

Date this form is signed: 3/4/2022

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephan Brown (SBN: 300563) Daniel Griffin (SBN: 311236) <br> NewPoint Law Group, LLP <br> 2408 Professional Drive <br> Roseville, CA 95661 <br> TELEPHONE NO.: 800-358-0305      FAX NO. *(Optional):* 916-242-8588 <br> E-MAIL ADDRESS *(Optional):* sbrown@newpointlaw.com   dgriffin@newpointlaw.com <br> ATTORNEY FOR *(Name):* Plaintiffs Richard and Laverna Montz | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Placer Superior Court

PLAINTIFF/PETITIONER: Richard and Laverna Montz

DEFENDANT/RESPONDENT: Nevada Business Corporations, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> S-CV-0047923 |
|---|---|

TO *(insert name of party being served):* Nevada Business Corporations, Inc, a Nevada corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 24, 2022

Tanikqua Clayton
(TYPE OR PRINT NAME)                         ▶ _____
                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
    Civil Case Cover Sheet, ADR, and Notice of CMC

*(To be completed by recipient):*

Date this form is signed: 3/4/2022

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephan Brown (SBN: 300563) Daniel Griffin (SBN: 311236) NewPoint Law Group, LLP 2408 Professional Drive Roseville, CA 95661 TELEPHONE NO.: 800-358-0305   FAX NO. *(Optional):* 916-242-8588 E-MAIL ADDRESS *(Optional):* sbrown@newpointlaw.com  dgriffin@newpointlaw.com ATTORNEY FOR *(Name):* Plaintiffs Richard and Laverna Montz | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER STREET ADDRESS: 10820 Justice Center Drive MAILING ADDRESS: CITY AND ZIP CODE: Roseville, CA 95678 BRANCH NAME: Placer Superior Court | |

PLAINTIFF/PETITIONER: Richard and Laverna Montz

DEFENDANT/RESPONDENT: Nevada Business Corporations, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: S-CV-0047923 |
|---|---|

TO *(insert name of party being served):* Proback Systems, Inc., a Nevada corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 24, 2022

Tanikqua Clayton
_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet, ADR, and Notice of CMC

*(To be completed by recipient):*

Date this form is signed: 3/4/2022

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▷ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephan Brown (SBN: 300563) Daniel Griffin (SBN: 311236)<br>NewPoint Law Group, LLP<br>2408 Professional Drive<br>Roseville, CA 95661<br>TELEPHONE NO.: 800-358-0305     FAX NO. *(Optional):* 916-242-8588<br>E-MAIL ADDRESS *(Optional):* sbrown@newpointlaw.com  dgriffin@newpointlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Richard and Laverna Montz | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER |
|---|
| STREET ADDRESS: 10820 Justice Center Drive |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Roseville, CA 95678 |
| BRANCH NAME: Placer Superior Court |

| PLAINTIFF/PETITIONER: Richard and Laverna Montz |
|---|
| DEFENDANT/RESPONDENT: Nevada Business Corporations, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>S-CV-0047923 |
|---|---|

TO *(insert name of party being served):* Aristocrat Ventures, a Nevada corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 24, 2022

Tanikqua Clayton
_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

   Civil Case Cover Sheet, ADR, and Notice of CMC

*(To be completed by recipient):*

Date this form is signed: 3/4/2022

DAMON BOOTH, on behalf of
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)  Aristocrat Ventures

▷ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov