Andrew Phan, Esq.
Phan & Legal Counsel
9741 Bolsa Avenue, Ste. 217
Westminster, CA 92683949-447-5005 (tel)
949-447-5004 (fax)
aphan@asset-protector.com
Attorney for Plaintiffs

Daniel Griffin, Esq.
2408 Professional Drive
Roseville, CA 95661
800-358-0305 (tel)
916-242-8588 (fax)
sbrown@newpointlaw.com
dgriffin@newpointlaw.com
California Co-Counsel for Plaintiffs

Attorneys for Plaintiffs
Richard and LaVerna Montz

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD AND LAVERNA MONTZ, individuals,<br><br>        Plaintiffs,<br><br>            v.<br><br>NEVADA BUSINESS CORPORATIONS, INC., a Nevada corporation, ARISTOCRAT VENTURES, a Nevada corporation, PROBACK SYSTEMS, INC., a Nevada corporation, WAYNE WAKEFIELD, an individual, and DOES 1–25, inclusive,<br><br>        Defendants. | Case No.: 3:22-CV-00145<br><br>[*Formerly Superior Court of California, County of Placer, Case No.: S-CV-0047923*]<br><br>**JOINT MOTION TO REMAND OR CHANGE VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>NO ORAL ARGUMENT REQUESTED |

Plaintiffs Richard and LaVerna Montz ("Plaintiffs") hereby move this Court for an order remanding this case to Placer County Superior Court, or to transfer venue to the proper district and division of California Eastern District, Sacramento Division, and an award of attorney's fees and costs pursuant to 28 U.S.C. §§ 1406, 1446, and 1447.

JOINT MOTION TO REMAND OR CHANGE VENUE AND
MEMORANDUM OF POINTS AND AUTHORITIES
1

1    This motion is based on the memorandum of points and authorities, request for judicial

2  notice, and any other evidence or oral argument presented to the Court during the hearing, if any.

3    Pursuant to Local Rule 7-2(b), any written opposition must be filed and served 14 days

4  after service of the motion.

5    Pursuant to Local Rule 78-1, no hearing shall be held on this motion unless specifically

6  requested by a party, or otherwise ordered by the Court.

7  Dated: April 22, 2022                                    /s/ Andrew Phan
                                                            Andrew Phan
8                                                           Attorney for Plaintiffs
                                                            Richard and LaVerna Montz
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs ask this Court to remand this action to state court. Removal to federal court was improper because unnamed parties may divest the Court of subject matter jurisdiction and because of the procedural defect apparent by removing this matter to the wrong district court.

### I.   BACKGROUND

This case involves claims brought by Plaintiff's ("Plaintiff") against Nevada Business Corporations ("NBC"), Aristocrat Ventures ("AV"), Proback Systems, Inc. ("PSI"), and Wayne Wakefield ("Wayne") in the Superior Court of California for the County of Placer. The Complaint asserts claims against Defendants for Fraudulent Transfer, Deceit, Fraudulent Concealment, Breach of Fiduciary Duties, Elder Abuse, Securities Fraud, and Right to Corporate Records.

Defendants filed a Notice of Removal on March 24, 2022, in the United States District Court for the District of Nevada. (Dkt. 1). Plaintiffs now move to remand this case to Placer County Superior Court.

### II.   LEGAL STANDARD

The removal statute is strictly construed against removal jurisdiction; it is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court will resolve all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction over a removed case must be rejected if there is any doubt as to the right of removal in the first instance. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Further, remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the

1  place where such action is pending." The removing defendant must file a notice of removal in

2  the appropriate United States District Court, together with all process, pleadings, and orders

3  served upon the defendant. 28 U.S.C. § 1446(a). If there is any doubt as to the right of removal in

4  the first instance, remand must be ordered. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393

5  (9th Cir. 1988).

6        If at any time before final judgment it appears the federal court lacks subject matter

7  jurisdiction, the court will remand the case to state court either sua sponte or on motion of a

8  party. *Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.* 756 F3d 327, 337-340

9  (5th Cir. 2014) (Case was remanded after three years of litigation for lack of subject matter

10  jurisdiction).

11        A. <u>Removal was Defective Because the United States District Court for the Eastern</u>

12           <u>District of California is the District Court Embracing the Place Where the Action Was</u>

13           <u>Pending</u>

14        Pursuant to 28 U.S.C. section 1441, "[e]xcept as otherwise expressly provided by Act of

15  Congress, any civil action brought in a State court of which the district courts of the United

16  States have original jurisdiction, may be removed by the defendant or the defendants, *to the*

17  *district court of the United States for the district and division embracing the place where such*

18  *action is pending.*" 28 U.S.C. § 1441 (Emphasis added).

19        Here, the underlying State court was the Superior Court of the State of California, County

20  of Placer, which is embraced by the United States District Court for the Eastern District of

21  California. Defendant removed the case to the United States District Court for the District of

22  Nevada, which does not contain the Superior Court of the State of California, County of Placer.

23  Because the case was removed to a District court that does not embrace the place where the

24  action was pending, the removal was defective.

25        While there is no Ninth Circuit case directly on point, district courts have generally

26  adopted the rationale of the 11th Circuit case <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386, 1394

27  (11th Cir. 1997) and find that a notice of removal filed in the wrong district is a procedural

28  defect, and upon proper objection by the non-removing party justifies an order transferring venue

1  to the correct federal district. <u>Penetrante v. Jaguar Land Rover NA, LLC</u>, 2016 WL 3457153

2  (C.D Cal.); <u>Salat v. County of Sacramento</u>, 2015 WL 3750466 (E.D. Cal.); <u>LSREF2 Nova</u>

3  <u>Investments III, LLC v. Austin Burnet Professional, LLC</u>, 2013 WL 12201857 (C.D Cal.);

4  <u>Woods v. First American Title, Inc.</u>, 2011 WL 57826 (E.D Cal.); <u>Gomes v. Siler State Mortgage</u>,

5  2009 WL 10674100 (N.D. Cal.); <u>Setterland v. Patel</u>, 2006 WL 335285 (N.D. Cal.). The rationale

6  is that while a case filed in the wrong venue is a procedural defect, it can be cured by changing

7  venue pursuant to 28 U.S.C § 1406(a) to further the interests of justice.

8         Based on this authority, Plaintiffs request the case either 1) be remanded to Placer County

9  Superior Court in California, or 2) the Court transfer the case to California Eastern District,

10  Sacramento Division, as the proper venue for this case.

11         B. <u>Plaintiffs Request a Limited Discovery Plan to Resolve Any Jurisdictional Issues,</u>

12            <u>Because Diversity Jurisdiction May Be Divested Through the Joinder of Necessary</u>

13            <u>Parties.</u>

14         While Defendants appropriately addressed the citizenship of the named parties,

15  Defendants ignore the obvious unnamed defendants and potential plaintiffs which would deprive

16  this court of diversity jurisdiction in this case. This is addressed below.

17         i.  *Plaintiffs*

18         There is no question as to the citizenship of Plaintiff Richard Montz and Laverna Montz,

19  is and has been at all relevant times, a resident of the County of Placer. Plaintiff's are residents of

20  California.

21         ii.  *Named Defendants*

22         Defendants Nevada Business Corporations, Inc., Aristocrat Ventures, Proback Systems,

23  Inc., and Wayne Wakefield is, and at all times relevant to this matter was organized under the

24  laws of the State of Nevada. Despite doing business in California, Defendants are not registered

25  with the California Secretary of State to conduct business in California.

26         iii.  *Unnamed Parties*

27         While the named parties suggest diversity jurisdiction may be proper, Plaintiffs request

28  the opportunity to conduct more limited jurisdictional discovery for additional parties, including

the other officers of the named Defendant entities and other potential plaintiff-investors who have invested money in Defendants' companies. These parties may divest the Court of subject matter jurisdiction, and this should be resolved before years of litigation and discovery costs are incurred. RUTTER GROUP PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL (Apr. 2021) § 2:3760 (citing Abrego Abrego v. Dow Chem. Co. 443 F.3d 676, 691 (9th Cir. 2006)).

   C.   Plaintiffs Are Entitled to Attorney's Fees and Costs for Bringing This Motion After Defendants' Defective Removal.

   28 U.S.C § 1447(c) allows for any order remanding the case to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

   Here, Defendants could not objectively believe that a case in Placer County California could properly be removed to Nevada District Court as "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). This is a blatant attempt at forum shopping, and should not be rewarded. Plaintiffs request the opportunity to file a separate motion after the hearing, with the information required by Local Rule 54-14, to substantiate the actual amount of time spent in relation to this motion.

**III.   CONCLUSION**

   As demonstrated above, Plaintiffs are entitled to remand this case to Placer County based on Defendants' defective removal, or at a minimum an order transferring this case to the California Eastern District court based on the wrong venue. Alternatively, Plaintiffs request the opportunity to conduct limited discovery into additional parties to determine if the Court will be able to retain diversity subject matter jurisdiction. Finally, Plaintiffs request an order granting attorney's fees and costs for preparing this motion, any reply, and oral argument, to be brought by separate motion pursuant to Local Rule 54-14, and any other or further relief the Court deems necessary or proper.

Dated: April 22, 2022                              /s/ Andrew Phan
                                                   Andrew Phan
                                                   Attorney for Plaintiffs
                                                   Richard and LaVerna Montz