Grant H. Wiltshire, Esq.
CA Bar No. 337390
Damon L. Booth, Esq.
CA Bar No. 326494
**HIGH WEST LAW, PC**
11025 Pioneer Trail, Suite 101A
Truckee, CA 96161
Telephone: (530) 414-9388
*dbooth@highwestlaw.com*
*gwiltshire@highwestlaw.com*

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| RICHARD AND LAVERNA MONTZ, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> NEVADA BUSINESS CORPORATIONS, INC., a Nevada corporation, ARISTOCRAT VENTURES, a Nevada corporation, PROBACK SYSTEMS, INC., a Nevada corporation, WAYNE WAKEFIELD, an individual, and DOES 1–25, inclusive, <br><br> Defendants. | Case No.:  2:22-cv-00814-JDP <br><br> **STIPULATION TO RETAIN JURISDICTION UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 664.6 AND [PROPOSED] ORDER** |

**IT IS HEREBY STIPULATED BETWEEN** Plaintiffs RICHARD and LAVERNA MONTZ (collectively, "Plaintiffs") and Defendants NEVADA BUSINESS CORPORATIONS, INC., ARISTOCRAT VENTURES, PROBACK SYSTEMS, INC., and WAYNE WAKEFIELD (collectively, "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "parties") as follows:

1. Plaintiffs filed this action against Defendants on January 26, 2022, in the Superior Court of California, County of Placer, for among other causes of actions, fraudulent transfer and breach of fiduciary duties.

1

2.  On March 24, 2022, Defendants removed this case from the Superior Court of California, County of Placer, to the United States District Court for the District of Nevada on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

3.  On May 16, 2022, the court transferred this case from the United State District Court for District of Nevada to the United States District Court for the Eastern District of California, pursuant to stipulation by the parties.

4.  Plaintiffs and Defendants entered into a settlement agreement dated January 19, 2024__ to resolve this action (the "Settlement Agreement").

5.  California Code of Civil Procedure § 664.6 expressly provides that, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

6.  Pursuant to the court's analysis in *Renaissance Ribbons, Inc. v. Hadley Pollet, LLC*, No. 2:07-CV-1271-JAM-DAD, 2008 U.S. Dist. LEXIS 102942, at 2 (E.D. Cal. Dec. 5, 2008) "California Code of Civil Procedure § 664.6 applies in this Court" for following reasons:

    a.  No Federal Rule of Civil Procedure directly conflicts with Cal. Code Civ. Proc. § 664.6;

    b.  "Where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be tried in a State court." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996). "Accordingly, to ensure that the outcome of the litigation would be the same as if it has been brought in state court, Cal. Code Civ. Proc. § 664.6 should apply." *Renaissance Ribbons, Inc.*, 2008 U.S. LEXIS 102942 at 4; and

c.  There is no "strong federal interest in preventing the enforcement of settlement agreements." *Id*. at 5.

7.  Pursuant to the Settlement Agreement, Plaintiffs and Defendants agree that:

a.  This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement until performance in full of its terms, including, if necessary, enforcement and entry of the stipulated judgment attached thereto as Exhibit C (the "Stipulated Judgment") pursuant to California Code of Civil Procedure § 664.6; and

b.  Plaintiffs shall file a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) immediately upon the Court's approval of this Stipulation.

It is understood that Defendants expressly waive notice of entry of this Stipulation and also expressly waive any right to appeal or seek review of this Stipulation by a higher court.

It is further understood that the parties to this Stipulation have agreed that the Court shall retain jurisdiction pursuant to California Code of Civil Procedure § 664.6 over the enforcement of their Settlement Agreement until performance in full of its terms, including, if necessary, enforcement of the Stipulated Judgment attached thereto as Exhibit C. This includes the tolling of any applicable statute, rule, or court order affecting timely prosecution of this action.

**IT IS SO STIPULATED.**

///
///
///
///
///
///
///
///
///

STIP. FOR CRT. TO RETAIN
JURISDICTION AND
[PROPOSED] ORDER

3

**HIGH WEST LAW, PC**

1

Dated: January _____, 2024                          **NEW POINT LAW GROUP, LLP**

2

3                                               By: _____

4                                                   Daniel Griffin, Esq.
                                                    Attorney for Plaintiffs
5                                                   RICHARD and LAVERNA MONTZ

6

7   Dated: January _____, 2024                          **HIGH WEST LAW, PC**

8

9                                               By: _____
                                                    Grant Wiltshire, Esq.
10                                                  Attorney for Defendants
                                                    NEVADA BUSINESS CORPORATIONS,
11                                                  INC.; ARISTOCRAT VENTURES;
                                                    PROBACK SYSTEMS, INC.; and WAYNE
12                                                  WAKEFIELD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. FOR CRT. TO RETAIN                                4
JURISDICTION AND
~~[PROPOSED]~~ ORDER

**HIGH WEST LAW, PC**

1

**[PROPOSED] ORDER**

2      The Court, having read and considered the Stipulation filed by the parties, and good cause

3  appearing:

4      **IT IS HEREBY ORDERED** that:

5      1.      Pursuant to California Code of Civil Procedure § 664.6, this Court shall retain

6  jurisdiction to enforce the terms of the Settlement Agreement until performance in full of its terms,

7  including, if necessary, enforcement and entry of the Stipulated Judgment attached thereto as

8  Exhibit C.

9      2.      Plaintiffs shall file a stipulation of dismissal without prejudice pursuant to Federal

10  Rule of Civil Procedure Rule 41(a)(1)(A)(ii) ~~immediately upon~~ within seven days of the Court's

11  approval of this Stipulation.

12

13  IT IS SO ORDERED.

14

15  Dated:   February 6, 2024      _____

16                              JEREMY D. PETERSON
                               UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

STIP. FOR CRT. TO RETAIN
JURISDICTION AND
[PROPOSED] ORDER

**HIGH WEST LAW, PC**